PHILLIP A. TALBERT
United States Attorney
EMILY G. SAUVAGEAU
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DONALD MENDONSA,<br><br>Defendant. | CASE NO. 2:22-CR-243-TLN<br><br>MEMORANDUM REGARDING CHANGE OF PLEA HEARING<br><br>DATE: April 11, 2024<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

### I. INTRODUCTION

The indictment in this case charges the defendant with violations of 18 U.S.C. § 2252(a)(2), (b)(1) – Distribution of Child Pornography (Counts One through Seven) and 18 U.S.C. § 2252(a)(4)(B), (b)(2) – Possession of Child Pornography (Count Eight). The defendant has indicated his desire to plead guilty by entering an "open" plea to the pending charges without any agreement with the government. The government provides the information below concerning the elements of the charged offenses, the potential penalties for those charges, and the factual basis supporting the charges.

### II. ELEMENTS OF THE OFFENSES

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty:

As to Counts One through Seven, Distribution of Child Pornography:

    1. The defendant knowingly distributed the material identified in the Indictment;

2. The material identified in the indictment contained visual depictions of a minor engaged in sexually explicit conduct;

3. The defendant knew both that the material depicted one or more minors and that the minors were engaged in sexually explicit conduct; and

4. The material identified in the indictment was shipped or transported using a means or facility of interstate commerce, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

As to Count Eight, Possession of Material Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(4)(B):

1. First, on or about November 29, 2022, the defendant knowingly possessed one or more matters which the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

2. Second, the defendant knew the visual depictions contained in the matters showed a minor engaged in sexually explicit conduct;

3. Third, the defendant knew that the production of such visual depictions involved the use of a minor engaged in sexually explicit conduct; and

4. Fourth, that the visual depictions had been mailed, shipped, or transported using any means or facility of interstate commerce, or produced using material that had been mailed, shipped, or transported using any means or facility of interstate commerce by any means, including by computer.

### III.  MAXIMUM SENTENCE

A.  **Maximum Penalty**

The defendant has a prior conviction under the laws of any state relating to the sexual abuse involving a minor.

Therefore, as to each of Counts One through Seven, the mandatory minimum sentence that the Court must impose is 15 years of incarceration. The maximum sentence that the Court can impose is 40 years of incarceration, a fine of up to $250,000, a period of supervised release of at least five years and up to life, and the following special assessments: $100 pursuant to 18 U.S.C. § 3013, $5,000 if the

defendant is non-indigent pursuant to 18 U.S.C. § 3014, and up to $35,000 pursuant to 18 U.S.C. § 2259A.

As to Count Eight, the mandatory minimum that the Court must impose is 10 years of incarceration. The maximum sentence that the Court can impose is 20 years of incarceration, a fine of up to $250,000, a period of supervised release of at least five years and up to life, and the following special assessments: $100 pursuant to 18 U.S.C. § 3013, $5,000 if the defendant is non-indigent pursuant to 18 U.S.C. § 3014, and up to $17,000 pursuant to 18 U.S.C. § 2259A.

### B. Violations of Supervised Release

If the defendant violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release. In certain circumstances, when a person is required to register as a sex offender and then commits certain other federal sex offenses, the court may revoke the supervised release for at least five years. The Supreme Court has held that such revocation requires a finding by a jury, however, not by a judge.

### IV. FACTUAL BASIS

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

Beginning by 2021 and continuing until his arrest on November 29, 2022, defendant Louis Donald MENDONSA was a global moderator or administrator on at least four "Tor" (The Onion Router) websites dedicated to the sexual exploitation of children and dissemination of child pornography. These websites are identified in the indictment as Websites A, B, C, and D. MENDONSA distributed child pornography to others through each of these websites. As a moderator and/or administrator, MENDONSA created new "topics" and "forums" within the websites, managed and commented on other users' posts, shared and enforced the "rules," and distributed child pornography by uploading images and videos within the websites.

As to Count One, while an "Administrator" of website A and while he was physically located within the Eastern District of California, MENDONSA posted an image under the topic "Girls Arcade – Chat and Share!" The image depicted a prepubescent female sitting on a bed with her dress pulled up and one leg extended, exposing her vagina; the image constitutes child pornography as defined in 18

U.S.C. § 2256(8).  At the time law enforcement captured MENDONSA's post, the post had received 378 replies and 149,060 views.

As to Count Two, while an "Administrator" of website A and while he was physically located within the Eastern District of California, MENDONSA posted the following images on Website A, each of which constitutes child pornography as defined in 18 U.S.C. § 2256(8):

- An image posted under the topic "Girls Butts" depicting a prepubescent female with the crown of her head placed on the bed and her buttocks toward the ceiling, with clothes pulled down, exposing her vagina and anus.  At the time law enforcement captured MENDONSA's post, the post had received 378 replies and 149,060 views.
- An image posted under the topic "Sucker Girls" depicting a minor female with an adult male penis protruding from a pair of "COTTONWORLD" underwear and penetrating the minor female's mouth.  At the time law enforcement captured MENDONSA's post, the post had received 63 replies and 30,795 views.
- An image posted under the topic "Sucker Girls" depicting a minor female kneeling next to a bed with a heavy-set, nude adult male whose penis is penetrating the minor female's mouth.  At the time law enforcement captured MENDONSA's post, the post had received 63 replies and 30,795 views.

As to Count Three, while an "Administrator" of website A and while he was physically located within the Eastern District of California, MENDONSA posted an image on Website A under the topic "Sucker Girls" depicting an erect male penis protruding from the zipper opening of a pair of jeans and penetrating the mouth of a prepubescent female.  The image constitutes child pornography as defined in 18 U.S.C. § 2256(8).  At the time law enforcement captured MENDONSA's post, the post had received 63 replies and 30,794 views.

As to Count Four, while an "Administrator" of website B and while he was physically located within the Eastern District of California, MENDONSA posted the following images on Website B, each of which constitutes child pornography as defined in 18 U.S.C. § 2256(8):

- An image posted under the topic "Boys in B/W" depicting a prepubescent nude male laying on the ground with one leg up and exhibiting his genitals.  At the time law

enforcement captured MENDONSA's post, the post had received 13 replies and 9,117 views.

- An image posted under the topic "Group Photos of 4+ or more Boys N/NN," depicting four prepubescent nude males engaged in oral copulation. At the time law enforcement captured MENDONSA's post, the post had received 18 replies and 4,995 views.

- An image posted under the topic "Boys Fellating Men," depicting a nude adult male laying on a bed and penetrating the mouth of a minor male with his penis. At the time law enforcement captured MENDONSA's post, the post had received 129 replies and 34,720 views.

As to Count Five, while a "Global Moderator" of website C and while he was physically located within the Eastern District of California, MENDONSA posted an image on Website C under the topic "Happy boys – laughing, smiling, showing gladness," depicting a prepubescent nude male laying on his back with his legs spread, exhibiting his genitals. The image constitutes child pornography as defined in 18 U.S.C. § 2256(8).

As to Count Six, while a "Global Moderator" of website D and while he was physically located within the Eastern District of California, MENDONSA posted an image on Website D on the topic "Tween/hebe girls (Open Thread!)," depicting a nude minor female leaning backward with her legs spread and her hands wrapped around her legs to expose her vaginal opening. The image constitutes child pornography as defined in 18 U.S.C. § 2256(8). At the time law enforcement captured MENDONSA's post, the post had received 231 replies and 127,162 views.

As to Count Seven, while a "Global Moderator" of website D and while he was physically located within the Eastern District of California, MENDONSA posted an image on Website D under the topic "Girls Butt Mega Thread," depicting a nude prepubescent female laying on her stomach with her bare vagina pointed at the camera. The image constitutes child pornography as defined in 18 U.S.C. § 2256(8). At the time law enforcement captured MENDONSA's post, the post had received 893 replies and 448,246 views.

As to Count 8, MENDONSA knowingly possessed over 11,000 images and videos of child pornography on an external hard drive. Law enforcement arrested MENDONSA in Sacramento and

found him in possession of the external hard drive on November 29, 2022.

The images and videos MENDONSA distributed and possessed depicted minors engaged in sexually explicit conduct, and the production of those visual depictions involved the use of a minor in sexually explicit conduct.

MENDONSA was previously convicted under the laws of any state related to the sexual abuse of a minor.

Dated:  April 11, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ EMILY G. SAUVAGEAU
EMILY G. SAUVAGEAU
Assistant United States Attorney